IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-164-FL

| | | |
|---|---|---|
| LESLIE JAMES FARRIOR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for summary judgment (DE # 19) and defendant's motion for judgment on the pleadings (DE # 23).[1] The motions were referred to United States Magistrate Judge Robert B. Jones Jr. for entry of a memorandum and recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1). In his M&R, entered June 1, 2011 (DE # 26), the magistrate judge recommends the court deny plaintiff's motion and grant defendant's motion. Plaintiff timely objected to the M&R, and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and conclusions of the magistrate judge, and upholds the final decision of the Commissioner.

## STATEMENT OF THE CASE

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on September 13, 2006, alleging disability beginning June 1, 2006. Plaintiff's claim was denied initially and upon reconsideration. On December 18, 2008, plaintiff appeared before an administrative law judge

---

[1] Pursuant to this court's order entered October 27, 2010, the parties were to proceed in this action by filing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The fact that plaintiff has captioned his motion as one for summary judgment in no way alters the court's analysis.

("ALJ"). Plaintiff was represented by counsel, and a vocational expert ("VE") appeared and testified. On March 11, 2009, the ALJ issued a decision denying plaintiff's application. The Appeals Council denied plaintiff's request for review on June 25, 2009. Accordingly, the ALJ's determination following hearing is the final decision of the Commissioner.

Plaintiff filed complaint in this court on August 24, 2010, seeking review of the final agency decision denying benefits. Defendant answered on October 26, 2010. Plaintiff filed his motion for summary judgment on December 21, 2010, and defendant filed his motion for judgment on the pleadings on March 23, 2011. The matter was referred to the magistrate judge, who concluded that substantial evidence supported the ALJ's determination. Plaintiff timely objected to the magistrate judge's analysis on June 16, 2011, and defendant timely filed a response.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). This standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and

recommendations for the disposition" of the parties' competing motions. See 28 U.S.C. § 636(b)(1)(B). The court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). After careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B. Analysis

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In this case, the ALJ determined at step one that plaintiff was no longer engaged in substantial gainful activity. At step two, the ALJ determined that plaintiff's degenerative joint disease of the left ankle was a severe impairment; however, the ALJ concluded that plaintiff had no medically determinable severe back impairment. At step three, the ALJ found that plaintiff's impairment did not meet or medically equal a listed impairment. Specifically, the ALJ referenced

3

Section 1.02, "major dysfunction of a joint," which requires that a claimant be unable to ambulate effectively. The ALJ concluded that plaintiff was able to ambulate effectively based upon his testimony at hearing.

Prior to proceeding to step four of the analysis, the ALJ assessed plaintiff's residual functional capacity ("RFC"). The ALJ found that claimant had the RFC to lift and carry ten (10) pounds frequently and twenty (20) pounds occasionally, and to stand and/or walk two hours and sit six hours in an eight-hour work day. In reaching this conclusion, the ALJ evaluated plaintiff's credibility regarding the subjective severity of his symptoms and gave "significant" but not "controlling" weight to the opinion of plaintiff's treating physician, Dr. David A. Esposito. Following this determination, at step four, the ALJ concluded that plaintiff was unable to return to any past relevant work. But at step five, based on VE testimony, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff could perform given his age, education, work experience, and RFC. Accordingly, the ALJ determined that plaintiff was not disabled.

In his motion for summary judgment, plaintiff contends that the ALJ erred by (1) failing to follow the "treating physician" rule, (2) failing to properly evaluate plaintiff's credibility, and (3) relying on flawed VE testimony. The magistrate judge, in his lengthy and thoughtful M&R, concluded that each of these arguments was without merit. Plaintiff's objections challenge the magistrate judge's conclusions as to all three grounds raised in the summary judgment motion.

1. The Opinion of Plaintiff's Treating Physician

The opinion of a treating physician is "entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir.2001)

4

(citing 20 C.F.R. § 416.927). However, if the treating physician's opinion is not supported by clinical evidence or is inconsistent with other "substantial evidence" of record, the ALJ has the discretion to give the opinion "significantly less weight" due to the "persuasive contrary evidence." Id. (citing Craig, 76 F.3d at 590; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). If the ALJ does not afford a treating physician's opinion controlling weight, he must consider (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the relevant evidence supporting the opinion, (4) consistency with the record as a whole, and (5) whether the physician is a specialist. See 20 C.F.R. § 404.1527(d). The ALJ must give "good reasons" for the weight given a treating physician's opinion. Id.

Here, the ALJ gave Dr. Esposito's opinion *great* weight, but declined to give *controlling* weight to Dr. Esposito's statements that plaintiff "is unable to stand" due to his left ankle degenerative joint disease, and that "the only job that he could do would be sitting and the ankle would have to be elevated above the heart." See Tr. 241. The ALJ noted that the treatment records did not support such limitations, and that plaintiff engaged in a number of activities that required standing, walking, and/or not having his foot not elevated. Accordingly, although the ALJ determined that Dr. Esposito's opinion that plaintiff can only perform work that allows sitting at the sedentary exertional level (*i.e.*, sitting six hours in an eight hour day) was persuasive, he declined to impose the additional restrictions of *no* standing and elevating plaintiff's left ankle.

After a thorough review of the record, the magistrate judge concluded that substantial evidence supported the ALJ's decision to afford great but not controlling weight to Dr. Esposito's opinion. Specifically, the magistrate judge noted that Dr. Esposito did not reference medical findings in his opinion and that a requirement that plaintiff keep his left leg elevated above his heart

5

is not supported in the treatment records. The magistrate judge further noted that plaintiff's hearing testimony established that he drove a standard transmission truck "at some point," is able to drive an automatic transmission "real good," spends the majority of his days watching television, occasionally cooks or does dishes, and can stand for "ten good minutes."

In his objections to the magistrate judge's recommendation, plaintiff argues that his testimony indicated that he could no longer drive a standard transmission truck, that daily life activities of cooking and doing dishes are not inconsistent with an inability to stand in a work environment, and that Dr. Esposito's opinion was supported by clinical evidence. Relying on Brownawell v. Astrue, 554 F.3d 352 (3d Cir. 2008), Leckenby v. Astrue, 487 F.3d 626 (8th Cir. 2007), and Orn v. Astrue, 495 F.3d 625 (9th Cir. 2007), plaintiff further argues that the magistrate judge improperly imposed a requirement that the specific limitation imposed by plaintiff's treating physician appear in his treatment records.

Upon *de novo* review, the court is compelled to reject plaintiff's objections and agree with the magistrate judge that the ALJ properly weighed Dr. Esposito's opinion. Even if plaintiff is unable to drive a standard transmission truck, the ALJ was permitted to conclude that Dr. Esposito's opinion that plaintiff is "unable to stand" and must keep his leg elevated above his heart was inconsistent with plaintiff's testimony that he could stand for ten minutes at a time, is able to cook and wash dishes, and is able to drive a vehicle with an automatic transmission. See Mastro, 270 F.3d at 178. Furthermore, despite plaintiff's interpretation of the out-of-circuit cases he cites, the court agrees with the magistrate judge that an ALJ is permitted to ascribe a treating physician's opinion less weight where the physician's treatment records fail to corroborate his opinion. See Montgomery v. Chater, 107 F.3d 866, 1997 WL 76937, at *1 (4th Cir. Feb. 25, 1997) (unpublished table

decision); Cooper v. Chater, 108 F.3d 1371, 1997 WL 68252, at *1-2 (4th Cir. Feb. 19, 1997) (unpublished table decision); Miller v. Chater, 91 F.3d 132, 1996 WL 389481, at *5 (4th Cir. July 12, 1996) (unpublished table decision); see also 20 C.F.R. § 404.1527(d)(3) (noting that a physician's opinion is entitled to greater weight if the physician presents relevant evidence in support of his opinion).[2]

2. The ALJ's Credibility Determination

An ALJ employs a two-step process in evaluating the intensity, persistence, and limiting effects of symptoms on a claimant's ability to perform basic work. See Craig, 76 F.3d at 594; SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996). "First, the ALJ must determine whether medically determinable mental or physical impairments can produce the symptoms alleged. Second, the ALJ must evaluate the claimant's testimony about his subjective experiences." Fisher v. Barnhart, 181 F. App'x 359, 363 (4th Cir. 2006) (unpublished) (citing Craig, 76 F.3d at 591-96). The ALJ must consider the entire record in making this determination, and may not discredit a claimant's testimony regarding the intensity and persistence of her symptoms solely because the objective medical evidence does not substantiate that testimony. See 20 C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186 at *4. "The reasons for the [ALJ's] credibility finding must be grounded in the evidence and articulated in the determination or decision." Id.

At the first step of the credibility determination, the ALJ concluded that plaintiff's degenerative joint disease could reasonably be expected to produce pain and other symptoms. But

---

[2] An unpublished Fourth Circuit opinion, like the published cases from the Third, Eighth, and Ninth Circuits cited by plaintiff, is not binding on this court. See Va. Soc'y for Human Life, Inc. v. Fed. Election Comm'n, 263 F.3d 379, 394 (4th Cir. 2001) ("[D]ecisions in one circuit are not binding on district courts in another circuit."); United States v. Ruhe, 191 F.3d 376, 392 (4th Cir. 1999) ("Unpublished opinions are not binding precedent in this circuit."). Nevertheless, the reasoning of Montgomery, Cooper, and Miller is persuasive in light of the facts of this case and the relevant Social Security regulations regarding opinions of treating physicians.

7

at the second step, the ALJ concluded that plaintiff's allegations regarding the frequency and severity of these symptoms were inconsistent with his testimony regarding his daily activities, his choice to continue with cortisone injections rather than surgery, his use of over-the-counter as opposed to prescription pain medications, and the fact that the treatment records do not suggest functional limitations or other restrictions. The magistrate judge recommends the court uphold the ALJ's conclusion, which is based on the substantial evidence cited above.

Plaintiff's first objection to the magistrate judge's resolution of his challenge to the ALJ's credibility determination deals with the ALJ's reliance on a lack of support within the treatment records for plaintiff's alleged limitations. The court has already addressed this argument with respect to the weight given to plaintiff's treating physician, and it is similarly without merit here. Although the ALJ may not rely *solely* on the lack of objective medical evidence supporting a claimant's subjective complaints in rejecting the severity of those complaints, the lack of such support in the treatment records is an important factor to be considered. See Craig, 76 F.3d at 596-97 (citing 20 C.F.R. § 1529(c)(4) and noting that objective medical evidence, including a claimant's medical history, is "crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs [his] ability to work").

Plaintiff's second objection involves the magistrate judge's agreement with the ALJ that a claimant's election of more conservative treatment is a factor tending to show that the claimant's subjective complaints are not fully credible. Plaintiff argues that Social Security Ruling 82-59 "dictates that a claimant's refusal to undergo surgery after a prior surgery was unsuccessful cannot be held against the claimant." See Obj. 4. But the ruling cited by plaintiff pertains only to those cases where "[a]n individual who would otherwise be found to be under a disability, but who fails

without justifiable cause to follow treatment prescribed by a treating source which . . . can be expected to restore an individual's ability to work . . . ." SSR 82-59, 1982 WL 31384 at *1 (1982). The ruling does not prohibit an ALJ from considering a claimant's election of more conservative treatment when assessing his credibility regarding the severity of his symptoms. See Copper v. Astrue, No. PWG-08-2621, 2010 WL 3294691, at *3 (D. Md. Aug. 19, 2010); see also Simila v. Astrue, 573 F.3d 503, 519 (7th Cir. 2009) (holding that an ALJ can consider whether conservative treatment is inconsistent with a claimant's subjective complaints because "the regulations expressly permit the ALJ to consider a claimant's treatment history").[3]

In addition to the lack of support for the severity of plaintiff's complaints in the treatment record and plaintiff's choice to continue receiving more conservative treatments such as cortisone shots and over-the-counter pain medication to control his symptoms, the court agrees with the magistrate judge and the ALJ that plaintiff's testimony regarding his daily activities could support an adverse credibility determination. For this reason, upon *de novo* review of the magistrate judge's analysis, the court concludes that the ALJ did not err in evaluating plaintiff's subjective description of his symptoms and limitations.

3. The ALJ's Questioning of the Vocational Expert

Plaintiff's objection to the magistrate judge's analysis of the ALJ's questioning of the VE is raised in a footnote on the final page of his objections. He argues that because "the ALJ failed to properly determine [plaintiff's] RFC based upon a misapplication of the treating physician rule and

---

[3] At least one court has noted that "although conservative treatment can undermine allegations of debilitating pain, such fact is not a proper basis for rejecting the claimant's credibility *where the claimant has a good reason for not seeking more aggressive treatment.*" See Carmickle v. Commissioner, 533 F.3d 1155, 1162 (9th Cir. 2008) (emphasis added). That court did not rely on SSR 82-59, however, in reaching its decision. More importantly, it does not appear that plaintiff gave a "good reason" (or any reason) to the ALJ for his choice to forego surgery and continue to receive sporadic cortisone shots. Plaintiff's contention that he thought additional surgery would not be helpful because a previous surgery was not fully successful appears to have been raised for the first time before this court.

misapplied the appropriate credibility standard," reliance on the VE's answers to hypothetical questions based on this RFC was necessarily error. See Obj. 5 n.1. Because the ALJ did not err in assigning the opinion of plaintiff's treating physician "great" rather than "controlling" weight, nor did he err by finding plaintiff's complaints not fully credible in light of the other evidence in the record, the court is compelled likewise to reject plaintiff's derivative claim of error in relying on the VE's testimony based on the ALJ's RFC finding.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and after a careful review of those portions to which no objection was made, the court ADOPTS the findings and recommendations of the magistrate judge (DE # 26) as its own. Plaintiff's motion for summary judgment (DE # 19) is DENIED, and defendant's motion for judgment on the pleadings (DE # 23) is GRANTED. The final decision of the Commissioner is upheld. The Clerk is directed to close this case.

SO ORDERED, this the 26th day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge